

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

───────────────────────

No. 02-19-00006-CV

───────────────────────

LAURIE B. GRADY, Appellant

V.

NATIONSTAR MORTGAGE, LLC, AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-BC5, Appellees

───────────────────────────────────────────

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-290822-17

───────────────────────────────────────────

Before Kerr, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

After appellant Laurie B. Grady defaulted on her home-equity loan, the loan's owner—appellee U.S. Bank National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2006-BC5—twice successfully sued for a home-equity-foreclosure order. Each time, Grady sued U.S. Bank and the current mortgage servicer, appellee Nationstar Mortgage, LLC, in a separate suit alleging that they lacked capacity to foreclose on the lien, that the lien was unenforceable, and that they had violated the Texas Debt Collection Act.

This appeal arises from Grady's second suit, in which U.S. Bank and Nationstar successfully moved for summary judgment as a matter of law on Grady's claims and on their judicial-foreclosure counterclaim. In three issues, Grady challenges the trial court's summary-judgment orders arguing that (1) U.S. Bank and Nationstar's counterclaim was impermissible; (2) the summary-judgment evidence established fact issues on each claim; and (3) U.S. Bank and Nationstar's evidence was insufficient to support the money judgment against her. We will affirm in part and reverse and remand in part.

### I. Background

In July 2006, Grady executed a "Texas Home Equity Security Instrument" in National City Mortgage's favor to secure the repayment of a "Texas Home Equity

Note" in the original principal amount of $135,200. U.S. Bank is the current owner of the loan, and Nationstar is the current mortgage servicer.

When Nationstar started servicing the loan in April 2014, Grady was already over five years behind on her loan payments. That month, Nationstar wrote Grady that the loan was in default and that she had to pay $106,310.17 to cure the default. The letter also stated that if the default was not cured within 30 days, the note would be accelerated and foreclosure proceedings would begin. When Grady failed to cure, Nationstar wrote to her in September 2014 notifying her that U.S. Bank had accelerated the note. After acceleration, the total amount due on the note was $227,117.09.

In November 2014, U.S. Bank filed for a home-equity-foreclosure order under Rule 736.[1] *See* Tex. R. Civ. P. 735, 736. In June 2015, that court signed an order allowing U.S. Bank to foreclose on its lien. The trustee's sale was noticed for August 4, 2015.

But the day before the foreclosure sale, Grady sued U.S. Bank and Nationstar in a separate suit ("the first suit"), which automatically stayed the foreclosure sale. *See* Tex. R. Civ. P. 736.11(a) ("A proceeding or order under [Rule 736] is automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or

---

[1] A lien securing repayment of a home-equity note may be foreclosed upon only by a court order. *See* Tex. Const. art. XVI, § 50(a)(6)(D).

enforcement of the loan agreement, contract, or lien sought to be foreclosed prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale."). Grady alleged that U.S. Bank and Nationstar did not have capacity to foreclose on her property because they had failed to prove that they were the mortgagee and mortgage servicer, respectively. Grady also alleged that because the note was accelerated in 2007, the four-year statute of limitations in Civil Practice and Remedies Code Section 16.035 barred U.S. Bank and Nationstar from enforcing U.S. Bank's lien. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.035. Grady also pleaded claims for breach of contract and for violations of the Texas Property Code and the Debt Collection Act. In addition to damages, costs, and attorney's fees as allowed by law and under the Debt Collection Act, Grady sought—

- an order quieting title to the property;

- a declaration that U.S. Bank's and Nationstar's actions violated the Debt Collection Act;

- a declaration that limitations barred enforcement of the lien;

- an injunction prohibiting U.S. Bank and Nationstar from violating the Debt Collection Act; and

- an injunction preventing any foreclosure or forcible-detainer proceedings or any other action interfering with her use or possession of the property.

The trial court granted summary judgment for U.S. Bank and Nationstar on all of Grady's claims. Grady appealed, challenging only the trial court's summary judgment on her limitations-based claims. *Grady v. Nationstar Mortg., LLC*, No. 02-16-

4

00481-CV, 2017 WL 5618690, at *2 n.4 (Tex. App.—Fort Worth Nov. 22, 2017, pet. denied) (mem. op.). We rejected her limitations argument and affirmed the trial court's judgment. *Id.* at *3–4.

While Grady's appeal was pending, U.S. Bank filed for a second home-equity-foreclosure order under Rule 736. *See* Tex. R. Civ. P. 735, 736. In January 2017, the court handling the second Rule 736 proceeding signed an order allowing U.S. Bank to foreclose on its lien. The trustee's sale was noticed for March 7, 2017.

Once again, the day before the foreclosure sale, Grady sued U.S. Bank and Nationstar in a separate suit ("this suit") and thus automatically stayed the foreclosure sale.[2] *See* Tex. R. Civ. P. 736.11(a). As in the first suit, Grady complained that U.S. Bank and Nationstar lacked capacity to foreclose. She again alleged that because the note was accelerated in 2007, the four-year statute of limitations barred U.S. Bank and Nationstar from enforcing the lien. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.035. She also pleaded claims for violations of the Debt Collection Act similar to those in alleged in the first suit and pleaded identical requests for relief.

---

[2]Grady also sued the law firm Taherzadeh, PLLC and attorneys with the firm—Scott H. Crist, Jeremiah B. Hayes, and Selim Taherzadeh. Nationstar had retained the firm to file both Rule 736 proceedings. In this suit, the firm and its attorneys successful moved for summary judgment on Grady's claims against them. Grady does not challenge this ruling.

U.S. Bank and Nationstar answered and pleaded that res judicata barred Grady's claims. They also counterclaimed for judicial foreclosure under Texas Rule of Civil Procedure 309. *See* Tex. R. Civ. P. 309.

U.S. Bank and Nationstar moved for judgment as a matter of law on their res judicata defense. The trial court granted their motion and dismissed all of Grady's claims. U.S. Bank and Nationstar then moved for judgment as a matter of law on their judicial-foreclosure counterclaim, asserting that their "debt, damages, and costs" were $294,841.10. *Id.* They also requested a writ of possession. *See* Tex. R. Civ. P. 310.

In addition to filing a summary-judgment response, Grady amended her petition to add claims for breach of contract and for violations of the Texas Estates Code, the Texas Business Organizations Code, and the Property Code. But the trial court struck Grady's amended petition "sua sponte on res judicata grounds" and granted U.S. Bank and Nationstar summary judgment on their judicial-foreclosure counterclaim. The trial court then signed a final judgment authorizing a constable or sheriff to seize and sell the property, granting U.S. Bank and Nationstar a writ of possession, and awarding them a $294,841.10 judgment against Grady. *See* Tex. R. Civ. P. 309, 310.

Grady has appealed and challenges the trial court's summary-judgment rulings.

## II. Standard of Review

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable

6

to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

U.S. Bank and Nationstar moved for judgment as a matter of law on their res judicata affirmative defense. Tex. R. Civ. P. 94 (listing res judicata as an affirmative defense). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all elements of that defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant must present summary-judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

U.S. Bank and Nationstar also moved for judgment as a matter of law on their judicial-foreclosure counterclaim. A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

### III. Analysis

Grady raises three issues: (1) the trial court erred by granting summary judgment for U.S. Bank and Nationstar on an impermissible counterclaim; (2) the trial court erred by granting summary judgment for U.S. Bank and Nationstar because the

summary-judgment evidence established fact issues on each claim; and (3) U.S. Bank and Nationstar's evidence was insufficient to support the money judgment against her. We address each of Grady's issues in turn.

## A. U.S. Bank and Nationstar's Judicial-Foreclosure Counterclaim

In her first issue, Grady asserts that Texas Rule of Civil Procedure 736.11(d) bars U.S. Bank and Nationstar's Rule 309 judicial-foreclosure counterclaim. *See* Tex. R. Civ. P. 736.11(d) ("If the automatic stay under [Rule 736.11] is in effect, any foreclosure sale of the property is void."); *Steptoe v. JP Morgan Chase Bank, N.A.*, 464 S.W.3d 429, 433 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (explaining that a lender cannot bring a Rule 736 counterclaim in a borrower's suit against the lender because a Rule 736 proceeding "is a special, expedited proceeding with a unique procedural mechanism that is not compatible with the administration of a suit brought by a borrower to challenge the propriety of a loan agreement").

But Grady did not raise this argument in her summary-judgment response. Generally, a nonmovant must expressly present to the trial court any reasons for avoiding the movant's right to summary judgment.[3] *McConnell v. Southside ISD*, 858 S.W.2d 337, 343 (Tex. 1993); *see* Tex. R. Civ. P. 166a(c) ("Issues not expressly

---

[3] "The exception to this general rule is that the non-movant may still challenge on appeal the legal sufficiency of the evidence supporting summary judgment." *Murray v. Pinnacle Health Facilities XV*, No. 01-13-00527-CV, 2014 WL 3512773, at *2 n.4 (Tex. App.—Houston [1st Dist.] July 15, 2014, pet. denied) (mem. op.). This exception does not apply here.

presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009) ("A non-movant must present its objections to a summary judgment motion expressly by written answer or other written response to the motion in the trial court or that objection is waived."). Because Grady did not raise this argument in her summary-judgment response, she failed to preserve this issue for our review, and we cannot consider it on appeal as a ground for reversal. *See* Tex. R. Civ. P. 166a(c). Accordingly, we overrule Grady's first issue.

## B. The Trial Court's Summary-Judgment Rulings

In her second issue, Grady argues that the trial court erred by granting summary judgment for U.S. Bank and Nationstar because the summary-judgment evidence established that there were material fact issues that precluded summary judgment. Within this issue, Grady presents three subissues: (1) U.S. Bank's failure to comply with the Estates Code and the Business Organizations Code precluded summary judgment in its favor on U.S. Bank and Nationstar' counterclaim; (2) U.S. Bank and Nationstar's summary-judgment evidence was insufficient, internally inconsistent, and inconsistent with their prior filings; and (3) res judicata does not bar her claims in this suit. We address each of these subissues in turn.

## 1. U.S. Bank's alleged noncompliance with the Estates Code and the Business Organizations Code

Grady asserts that because U.S. Bank—a "national banking association believed to be domiciled in Ohio"—failed to comply with the filing requirements in Section 505.004 of the Estates Code, it was barred from filing either of the Rule 736 proceedings and from defending or enforcing its lien in this suit and in the first suit. *See* Tex. Est. Code Ann. § 505.004 (setting out filing requirements for foreign corporate fiduciaries). She additionally argues that U.S. Bank's failure to register in accordance with Section 9.001 of the Business Organizations Code similarly barred U.S. Bank from enforcing its lien. *See* Tex. Bus. Orgs. Code Ann. § 9.001 (requiring foreign entities to register under Chapter 9 and to maintain that registration while transacting business in Texas). Grady further contends that by extension, Nationstar "cannot lawfully act to threaten[] or seek[] authority for a foreclosure" because its authority is derived from U.S. Bank's authority.

Grady first alleged violations of the Estates Code and the Business Organizations Code in her amended petition, which she filed after U.S. Bank and Nationstar moved for summary judgment on their judicial-foreclosure counterclaim. In its order granting summary judgment for U.S. Bank and Nationstar on that counterclaim, the trial court sua sponte struck Grady's amended petition. These claims were thus not before the trial court. To the extent that Grady is arguing that she was entitled to some sort of affirmative relief on these allegations—and assuming

10

that affirmative relief is even available—she has not challenged the trial court's striking her amended petition. She has thus waived any appellate complaint regarding this ruling. *See Jacobs v. Satterwhite*, 65 S.W.3d 653, 655–56 (Tex. 2001) (concluding that failing to raise an issue on appeal waives error); *see also* Tex. R. App. P. 38.1(f), (i) (requiring an appellant's brief to concisely state all issues presented for review and to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). But because Grady raised her Estates Code and Business Organizations Code arguments in response to U.S. Bank and Nationstar's summary-judgment motion on their counterclaim, we will address them.

Even if U.S. Bank was required to register with the Secretary of State under Estates Code Section 505.004, Grady failed to present any evidence that it had not done so. *See Caballero v. Rushmore Loan Mgmt. Servs. LLC*, No. 05-19-00298-CV, 2020 WL 1685418, at *6 (Tex. App.—Dallas Apr. 7, 2020, no pet.) (mem. op.). And the registration requirements in Business Organizations Code Section 9.001 do not prevent holders in due course from filing suit or enforcing the terms of a negotiable instrument, nor do they prohibit a mortgagee from enforcing a mortgage lien. *Reyes v. U.S. Bank Nat'l Ass'n*, No. 4:18-CV-00828-P, 2019 WL 7371099, at *5 (N.D. Tex. Dec. 31, 2019). Accordingly, these two code-related arguments fail.

### 2. U.S. Bank and Nationstar's summary-judgment evidence

Grady next attacks several facets of U.S. Bank and Nationstar's summary-judgment evidence, arguing that (1) the affidavit supporting U.S. Bank and

11

Nationstar's summary-judgment motion was defective; (2) the indorsements on the copy of the note attached to the affidavit did not match U.S. Bank's claimed ownership of the note and lien; and (3) the summary-judgment evidence creates a fact issue on her Debt Collection Act and Property Code claims.

### a. The summary-judgment affidavit

In support of their summary-judgment motion, U.S. Bank and Nationstar attached the affidavit of A.J. Loll, a Vice President of Nationstar. On appeal, Grady asserts that Loll's affidavit is defective because it lacks (1) Loll's signature; (2) the notary's signature; and (3) the notary's seal. Grady argues that because of these defects, all the exhibits attached to Loll's affidavit—the note, the security agreement, the "Texas Home Equity Affidavit of Agreement," the deed-of-trust assignments, the notice-of-default letter, the notice-of-acceleration letter, and the loan's transaction history—were not authenticated as business records.

Loll's affidavit lacks his and the notary's actual signatures. Instead, Loll "signed" the affidavit "*/s/A.J. Loll*," and Niki Storey, the notary, "signed" the jurat "*/s/ Niki Storey*."[4] The jurat also lacks Storey's notarial seal.

---

[4]We assume without deciding that "/s/" followed by a typed name does not constitute an affiant's or a notary's signature. *See* Tex. R. Civ. P. 21(f)(7)(A) (stating that an electronically filed document is considered signed if the document includes "a '/s/' and name typed in the space where the signature would otherwise appear, *unless the document is notarized or sworn*" (emphasis added)).

12

The Texas Government Code defines "affidavit" as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." Tex. Gov't Code Ann. § 312.011(1). An instrument that does not meet these requirements is not an affidavit. *See Mansions in the Forest, L.P. v. Montgomery Cty.*, 365 S.W.3d 314, 316–17 (Tex. 2012). A defect in a purported affidavit that renders it noncompliant with the Government Code is a formal defect. *See id.* at 317. Failure to object to a formal defect in a summary-judgment affidavit waives any appellate complaints regarding that defect. *See* Tex. R. Civ. P. 166a(f); *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 163–64 (Tex. 2018); *see also* Tex. R. App. P. 33.1(a)(1).

Here, Grady did not complain in the trial court about the Loll affidavit's failure to satisfy the Government Code's requirements. She thus failed to preserve her complaints for appeal.[5] *See Seim*, 551 S.W.3d at 162–63, 166 (concluding that lack of notary's signature was a formal defect that had to be objected to and ruled on by the trial court to preserve error); *Mansions in the Forest*, 365 S.W.3d at 317 (holding that because record lacked any indication that purported affidavit was sworn to by the

---

[5]To the extent that Grady's challenge to the Loll affidavit can be construed as raising an independent argument that the exhibits attached to the affidavit were not properly authenticated as business records, that objection also asserts a formal defect that must be raised in the trial court to preserve it for appellate review. *See Albright v. Good Samaritan Soc'y–Denton Vill.*, No. 02-16-00090-CV, 2017 WL 1428724, at *2 (Tex. App.—Fort Worth Apr. 20, 2017, no pet.) (mem. op.). Because Grady did not raise this complaint in the trial court, she failed to preserve it for our review. *See id.*

affiant, the instrument was not an affidavit under Government Code Section 312.011(1), but that complaint had to be raised in the trial court to be raised on appeal); *Bray v. Fuselier*, 107 S.W.3d 765, 769 (Tex. App.—Texarkana 2003, pet. denied) ("The lack of a notary's seal is a defect in form.").

### b. The note's indorsements

Grady next asserts that "the copy of the Note that [U.S. Bank and Nationstar] offer[] does not bear indorsements matching [their] claimed chain of ownership of the Note and the associated lien as shown in [the assignments attached to Loll's affidavit]." Grady does not challenge U.S. Bank's ownership of the note and lien or the assignments' validity. She asserts merely that the note's indorsements conflict with the assignments, implying that this alleged conflict is enough to create a fact issue precluding summary judgment on U.S. Bank and Nationstar's judicial-foreclosure counterclaim. *See, e.g.*, *De La Garza v. Bank of N.Y. Mellon*, No. 02-17-00427-CV, 2018 WL 5725250, at *9–10 (Tex. App.—Fort Worth Nov. 1, 2018, no pet.) (mem. op.) (concluding that summary judgment on bank's judicial-foreclosure counterclaim was improper because bank's summary-judgment evidence presented an unexplained gap in bank's chain of title to the note). A review of the evidence, however, reveals that there is no such conflict.

The two assignments reflect that National City Mortgage transferred the note and deed of trust to National City Mortgage Co. and that National City Mortgage Co. transferred the note and deed of trust to U.S. Bank. Consistent with those

14

assignments, the note's indorsements show that National City Mortgage specially indorsed the note to National City Mortgage Co., which indorsed the note in blank, thus making it payable to the bearer. Tex. Bus. & Com. Code Ann. § 3.205(a), (b). According to Loll's affidavit, the note is in U.S. Bank's possession, which is sufficient to prove that it is the note's holder and thus entitled to collect on it. *See* Tex. Bus. & Com. Code Ann. §§ 1.201(b)(21), 3.204, 3.205(b); *Blizzard v. Select Portfolio Servicing*, No. 03-13-00716-CV, 2015 WL 5096710, at *3 (Tex. App.—Austin Aug. 27, 2015, no pet.) (mem. op.); *see also Perdomo v. Fed. Nat'l Mortg. Ass'n*, No. 3:11-CV-734-M, 2013 WL 1123629, at *4 (N.D. Tex. Mar. 18, 2013) ("Under Texas law, a holder of a note indorsed in blank is presumed to be entitled to enforcement of the instrument merely by showing possession of that instrument. Such a holder is not also required to establish an unbroken chain of title." (citation omitted)).

### c. Grady's Debt Collection Act and Property Code claims

Grady next asserts that U.S. Bank and Nationstar's judicial admissions and summary-judgment evidence create fact issues on her Property Code violation claim. But like Grady's Estates Code and Business Organizations Code claims, Grady first pleaded her Property Code violation claim in her amended petition, which the trial court struck. Because the Property Code violation claim was thus not before the trial court and because Grady does not challenge the trial court's striking her amended petition, we will not address her arguments regarding her Property Code violation claim.

Grady also complains that U.S. Bank and Nationstar's judicial admissions and summary-judgment evidence create fact issues on her Debt Collection Act claims. U.S. Bank and Nationstar successfully moved for summary judgment on these claims based on their res judicata defense. In the following section, we examine whether the trial court erred by granting summary judgment on Grady's claims on res judicata grounds.

### 3. Res judicata

Grady argues that res judicata does not bar the claims she raises in this suit. Res judicata, or claim preclusion, bars relitigation of claims or causes of action that have been finally adjudicated, "as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992). For res judicata to apply, there must be (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

Here, U.S. Bank and Nationstar moved for summary judgment on their res judicata defense, arguing that the final judgment in the first suit was a final judgment on the merits; that the parties in the first suit were identical to those in this suit; and that the same claims were at issue in both suits. In support, U.S. Bank and Nationstar attached the following summary-judgment evidence: (1) Grady's original petitions

16

from the first suit and this suit; (2) the final judgment in the first suit; and (3) our opinion in Grady's appeal from that judgment.

Grady does not dispute that this evidence established that U.S. Bank and Nationstar satisfied the first two res judicata elements. But she maintains that they failed to prove the third element because neither the "specific facts and acts" she complains of in this suit nor the relief she now seeks is identical to those in the first suit.

But res judicata's preclusive effect is not so narrow. Texas courts apply the transactional approach to res judicata, "which requires claims arising out of the same subject matter to be litigated in a single lawsuit." *Hallco Tex., Inc. v. McMullen Cty.*, 221 S.W.3d 50, 58 (Tex. 2006). Under this approach, "a subsequent suit is barred if it arises out of the same subject matter as the prior suit, and that subject matter could have been litigated in the prior suit." *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). The Texas Supreme Court has explained that "a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Barr*, 837 S.W.2d at 631. "Determining the scope of the 'subject matter' or 'transaction' of the prior suit requires 'an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action.'" *Citizens Ins. Co. of Am.*, 217 S.W.3d at 449 (quoting *Barr*, 837 S.W.2d at 630). We make this determination pragmatically, "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation,

17

whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." *Barr*, 837 S.W.2d at 631 (quoting Restatement (Second) of Judgments § 24(2) (Am. Law. Inst. 1982)).

Here, both suits' subject matter was U.S. Bank and Nationstar's attempts to enforce the loan agreement by foreclosing on U.S. Bank's lien after Grady defaulted on the note. With this in mind, we will compare each of Grady's claims from the first suit with those here to determine whether the claims in this suit were raised or could have been raised in the first suit, thus entitling U.S. Bank and Nationstar to summary judgment on res judicata grounds.[6]

### a. U.S. Bank's and Nationstar's Capacity

In the first suit, Grady alleged that in the first Rule 736 proceeding, U.S. Bank and Nationstar failed to prove that they had capacity to foreclose on the property as the mortgagee and mortgage servicer, respectively. *See* Tex. Prop. Code Ann. § 51.0001(4), (5). Grady asked the trial court to "definitively adjudicate[]" U.S. Bank's and Nationstar's "status (or lack thereof) with respect to the Loan."

---

[6]We recognize that a Rule 736 order "is without prejudice and has no res judicata, collateral estoppel, estoppel by judgment, or other effect in any other judicial proceeding." Tex. R. Civ. P. 736.9. The issue here, however, is the first suit's preclusive effect, if any, on this suit. The merits of Grady's claims are irrelevant to this analysis, and we are therefore agnostic about them.

18

U.S. Bank's and Nationstar's alleged lack of capacity was the basis for Grady's Property Code claim in the first suit.[7] Grady did not re-allege that claim in her original petition in this suit, but she did re-assert her lack-of-capacity allegations, adding that U.S. Bank and Nationstar failed to prove their capacity to foreclose in the second Rule 736 proceeding as well. But because U.S. Bank's and Nationstar's capacity to foreclose on the property was raised and determined in the first suit, res judicata bars her capacity-related claims in this suit.

### b. Limitations

In both suits, Grady's limitations allegations are identical: because the note was accelerated in 2007, the four-year statute of limitations in Civil Practice and Remedies Code Section 16.035(e) bars U.S. Bank and Nationstar from enforcing the lien. She additionally alleged limitations as one of the bases for her Debt Collection Act claims in both suits. Grady's limitations-based claims were raised and finally adjudicated in the first suit. *See Grady*, 2017 WL 5618690, at *2–4. Res judicata thus bars Grady's limitations-based claims in this suit.

---

[7] In the first suit, Grady alleged that U.S. Bank and Nationstar violated Property Code Section 51.002(b) and (d) because they lacked capacity to send the default and sale notices those subsections require. *See* Tex. Prop. Code Ann. § 51.002(b), (d). In this suit, Grady asserted this claim in her amended complaint, which the trial court struck. As noted, Grady has not challenged that ruling on appeal.

### c. Other Debt Collection Act Claims

Grady also asserts other Debt Collection Act claims in this suit. First, she claims that U.S. Bank and Nationstar violated Section 392.101(a) of the Debt Collection Act in both Rule 736 proceedings because the alleged third-party debt collectors that they used in those proceedings—the Taherzadeh law firm and its attorneys—could not engage in debt collection because they had failed to file a copy of the statutorily required surety bond with the Texas Secretary of State. *See* Tex. Fin. Code Ann. § 392.101(a) ("A third-party debt collector . . . may not engage in debt collection unless the third-party debt collector . . . has obtained a surety bond issued by a surety company authorized to do business in this state as prescribed by this section. A copy of the bond must be filed with the secretary of state."); *see also id.* § 392.001(5) (defining "debt collection"), (7) (defining "third-party debt collector"). Grady did not allege this claim in the first suit. But U.S. Bank and Nationstar used the same law firm in both Rule 736 proceedings, and Grady—with the use of diligence— could have challenged its failing to file the required surety bond in the first suit. Res judicata thus bars Grady's Section 392.101(a) claim.

Next, Grady alleges that U.S. Bank and Nationstar violated Section 392.304(a)(8) of the Debt Collection Act because they misrepresented the "character, extent, or amount of a consumer debt" in both Rule 736 proceedings and in the first suit. *See id.* § 392.304(a)(8). In the first suit, Grady alleged this claim with respect to the first Rule 736 proceeding, and with the use of diligence, she could have raised her

complaint regarding U.S. Bank's and Nationstar's representations in the first suit regarding the debt in that suit. Thus, res judicata bars her Section 392.304(a)(8) claim based on U.S. Bank's and Nationstar's representations in the first Rule 736 proceeding and in the first suit.

But U.S. Bank and Nationstar did not conclusively prove the third res judicata element regarding Grady's Section 392.304(a)(8) claim based on their representations regarding the debt in the second Rule 736 proceeding. Section 392.304(a)(8) prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt, or mispresenting the consumer debt's status in a judicial . . . proceeding." *Id.* The second Rule 736 proceeding—which was filed while the appeal in the first suit was pending—was a separate "judicial proceeding." U.S. Bank and Nationstar presented no evidence regarding their representations in either Rule 736 proceeding. They thus failed to conclusively prove that Grady's Section 392.304(a)(8) claim based on representations made in the second Rule 736 proceeding was raised or could have been raised in the first suit. Accordingly, U.S. Bank and Nationstar were not entitled to summary judgment on Grady's Section 392.304(a)(8) claim arising from the second Rule 736 proceeding.

Finally, Grady alleges that U.S. Bank and Nationstar violated the Debt Collection Act in both Rule 736 proceedings by attempting to enforce a claimed lien using an affidavit that did not meet Rule 736's requirements. *See* Tex. R. Civ. P. 736.1(6) (requiring Rule 736 application to "[i]nclude an affidavit of material facts in

accordance with Rule 166a(f)" and setting forth affidavit's requirements). The affidavit deficiencies Grady alleges in this suit—"the affiant's knowledge was qualified by limitation to examination of business records" and "the Note copy attached to the affidavit bears indorsements which do not conform with the assignment of the claimed lien"—are identical to the affidavit deficiencies that she described in the first suit. And Grady offered no summary-judgment evidence raising a fact issue about whether the affidavit deficiencies alleged in the first Rule 736 proceeding differed from those deficiencies alleged in the second. Accordingly, Grady's Debt Collection Act claim in this suit—which is based on exactly the same affidavit deficiencies alleged in the first suit—was thus raised and finally adjudicated in the first suit. Accordingly, res judicata bars this claim.

### 4. Conclusion

With the exception of Grady's Section 392.304(a)(8) claim based on U.S. Bank's and Nationstar's representations regarding the debt in the second Rule 736 proceeding, U.S. Bank and Nationstar proved that they were entitled to summary judgment on their res judicata defense. But because they failed to prove that res judicata bars Grady's Section 392.304(a)(8) claim based on the representations made in the second Rule 736 proceeding regarding the character, extent, or amount of Grady's debt, the trial court erred by granting summary judgment on that claim. We thus sustain this part of Grady's second issue. Having rejected Grady's other arguments, we overrule the rest of her second issue.

## C. Evidence supporting the money judgment

In her third and final issue, Grady claims that the final judgment "specified no specific amount of the money judgment" and "provides no objective basis on which the parties or any third party could definitively determine the exact amount thereof." But at the same time, she paradoxically asserts that "there was insufficient evidence before the trial court to support any money judgment," particularly the $294,841.10 amount "as set out" in the final judgment.

Both arguments lack merit. The final judgment awarded a $294,841.10 judgment against Grady to be satisfied from the property's sale proceeds.[8] This amount is supported by Loll's affidavit, which stated that the loan payoff was at least that amount. *See generally Energico Prod., Inc. v. Frost Nat'l Bank*, No. 02-11-00148-CV, 2012 WL 254093, at *5 (Tex. App.—Fort Worth Jan 26, 2012, pets. denied) (mem. op.) ("A lender need not file detailed proof [of] the calculations reflecting the balance due on a note; an affidavit by a bank employee which sets forth the total balance due on a note is sufficient to sustain an award of summary judgment."); *see also Myers v. Sw. Bank*, No. 02-14-00122-CV, 2014 WL 7009956, at *2

---

[8]"[A] secured home-equity-loan lender may seek payment of the home-equity loan only from the collateral and cannot seek a deficiency judgment against the borrower personally." *De La Garza*, 2018 WL 5725250, at *6 n.11 (citing Tex. Const. art. XVI § 50(a)(6)(C) (requiring that to be foreclosure-eligible, Texas home-equity loans must be nonrecourse); *Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 917 (Tex. 2015)).

(Tex. App.—Fort Worth Dec. 11, 2014, pet. denied) (mem. op.) (same). We thus overrule Grady's third issue.

### IV. Conclusion

Having sustained the part of Grady's second issue challenging the trial court's summary judgment on her Section 392.304(a)(8) claim based on U.S. Bank's and Nationstar's representations regarding the debt in the second Rule 736 proceeding, we reverse the trial court's judgment on that claim only and remand that claim to the trial court. Having overruled the rest of Grady's second issue, along with her first and third issues, we affirm the balance of the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: September 3, 2020

24